UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK NATHAN ESCALANTE,<br><br>            Petitioner,<br><br>     v.<br><br>JIM ROBERTSON, Warden,<br><br>            Respondent. | Case No. CV 19-5563-RSWL (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. On October 15, 2021, Petitioner filed Objections to the R. & R.; Respondent didn't respond. Although the Objections are largely unintelligible, the Court attempts to address them nonetheless.

    Petitioner continues to insist that the state court admitted codefendant Akuna's statements without deciding the "factual existence of a conspiracy to commit murder." (Objs. at 2; see id. at 4-5.) He is apparently arguing that it didn't properly admit them under the federal or state coconspirator exception to the hearsay rule. (See R. & R. at 27 & n.14; see also Objs. at 3-5 (citing state and federal evidence rules and Carbo v. United States, 314 F.2d 718, 735 n.21 (9th Cir. 1963) (discussing coconspirator exception), and United States v. Ellsworth, 481

F.2d 864, 871 (9th Cir. 1973) (same).) But as the Magistrate Judge correctly noted, claims that a state court violated federal or state evidence rules aren't cognizable on federal habeas review. (See R. & R. at 27; see also id. at 16-17.) In any event, as the Magistrate Judge also observed, the state court didn't admit the statements under the coconspirator exception. (See id. at 27 (citing 1 Rep.'s Tr. at 36-54).) For that reason and others, Dutton v. Evans, 400 U.S. 74, 88-89 (1970) (plurality opinion), on which Petitioner relies (see Objs. at 3-4), doesn't apply.

Further, the Supreme Court has since held that the constitutional right of confrontation extends only to testimonial statements. (See R. & R. at 29 (citing Crawford v. Washington, 541 U.S. 36, 68 (2004); Davis v. Washington, 547 U.S. 813, 821 (2006)).) As the Magistrate Judge correctly found, the court of appeal was not objectively unreasonable in concluding that Akuna's statements weren't testimonial and thus that their admission didn't violate the Confrontation Clause. (See id. at 37-38.)

Petitioner's next argument fares even worse: the Magistrate Judge should have reviewed grounds one through three under Federal Rule of Criminal Procedure 52(b)'s plain-error standard, not de novo. (See Objs. at 5-6, 11; R. & R. at 14-16.) But plain error applies only on direct appeal and is "out of place" on habeas review. United States v. Frady, 456 U.S. 152, 164 (1982). In any event, it's a more deferential standard than the de novo review the Magistrate Judge engaged in and Petitioner thus couldn't possibly have been prejudiced. See, e.g., United

States v. Lindsey, 680 F. App'x 563, 565-66 (9th Cir. 2017).

Petitioner states that the Magistrate Judge "ma[de] an astounding effort to not mention . . . [the] jury inquiry about whether finding him not guilty of murder." (Objs. at 7 (citing 2 Clerk's Tr. at 263-64); see also id. at 10.) During deliberations, the jury asked if "someone [can] be found not guilty of murder [and] gui[l]ty of conspiracy or does it have to be all or none." (2 Clerk's Tr. at 263.) The judge responded, "[A] defendant may be found not guilty of murder and guilty of conspiracy." (Id. at 264.) Petitioner does not explain how the jury's question or the judge's answer bears on any of his claims, however, and the Magistrate Judge therefore made no mistake in not discussing the issue.[1]

Finally, Petitioner maintains that he didn't "freely" waive his right to testify. (Objs. at 9.) That claim appears nowhere in the Petition. Even if the Court could consider habeas claims, as opposed to arguments, raised for the first time in objections to an R. & R., see Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012); but see Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (court need not consider habeas claims raised for first time in traverse), his new claim has not been exhausted in state court and is likely time barred and therefore not appropriate for review, see Marquez-Ortiz v. Sullivan, No. SACV 08-552 ABC (FFM), 2012 WL 294741, at *1 (C.D. Cal. Feb. 1, 2012)

---

[1] Petitioner asserts that the jury inquiry required the state court to give CALJIC 6.24 (see Objs. at 19), contrary to the Magistrate Judge's finding that the court had no reason to give it (see R. & R. at 23-28). But he doesn't explain why the jury question required the court to do so.

1  (declining to consider habeas petitioner's additional claims
2  raised for first time in objections to report and recommendation
3  in part because they were not exhausted in state court).  The
4  Court therefore declines to consider it.
5       Having reviewed de novo those portions of the R. & R. to
6  which Petitioner objects, the Court agrees with and accepts the
7  findings and recommendations of the Magistrate Judge.  IT
8  THEREFORE IS ORDERED that the Petition is denied and Judgment be
9  entered dismissing this action.

12 DATED: November 5, 2021                  *signature*
                                            RONALD S.W. LEW
13                                          U.S. DISTRICT JUDGE

4